UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RICHARD BECKER,

                Plaintiff,

  -against-

DAVID SHULKIN,

                Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**
17-CV-6481 (RRM) (ARL)

ROSLYNN R. MAUSKOPF, United States District Judge.

On April 27, 2020, the Court dismissed this action and entered judgment in favor of defendant David Shulkin after plaintiff Richard Becker failed to respond to an order directing him to show cause in a writing filed by March 30, 2020, why this case should not be closed for failure to timely amend the complaint.  Plaintiff now moves for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, offering evidence that the Court overlooked a motion for an extension of time that he himself filed and that his attorney of record, Chauncey D. Henry, inexplicably ignored the Court's Order to Show Cause.  For the reasons set forth below, the motion for reconsideration is granted to the extent of extending plaintiff's time to respond to the Order to Show Cause and Henry is ordered to show cause why he should not be sanctioned for his disregard of the Court's February 28, 2020, orders.

## BACKGROUND

On November 6, 2017, plaintiff commenced this action by filing a *pro se* complaint alleging violations of the Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and other federal laws.  (Compl. (Doc. No. 1).)  On July 13, 2018, an attorney – Chauncey D. Henry of Henry Law – filed a notice of

appearance on behalf of plaintiff. (Notice of Appearance (Doc. No. 33).) Henry never moved to withdraw as counsel and remained the attorney of record throughout the remainder of this case.

In October 2018, defendant moved to dismiss this action. (Motion to Dismiss (Doc. No. 38).) Henry submitted opposition papers on plaintiff's behalf, (Doc. No. 39), and appeared for oral argument on December 14, 2018, before Judge Joseph Bianco, who was then a district judge and presiding over this case. (Minute Entry for Proceedings (Doc. No. 42).) That same day, Judge Bianco granted the motion to dismiss, but granted plaintiff leave to file an amended complaint by March 15, 2019. (Order dated Dec. 14, 2018 (Doc. No. 43).)

Prior to March 15, 2019, the Court received at least four letters from Becker himself, but no submissions from Henry. The Clerk of Court returned this correspondence to Becker with a form stating that, because he was represented by counsel, Becker could not file papers or communicate directly with the Court. (*See* Letters dated Dec. 19, 2018, (Doc. No. 44); Dec. 21, 2018, (Doc. No. 45); Mar. 4, 2019, (Doc. No. 47); and Mar. 5, 2019, (Doc. No. 48).) On March 20, 2019, the Clerk of Court mailed Henry copies of the correspondence it had received from Becker, along with a letter – copied to Becker – asking Henry to instruct Becker than he could not file papers or communicate directly with the Court. (Letter dated Mar. 20, 2019 (Doc. No. 49).)

A few days later, the Court received from Becker an annotated copy of the Clerk's March 20, 2019, letter. In a scarcely legible handwriting, Becker wrote: "Atty Henry told me that he is no longer my atty as of 14 Dec 2018." (Letter dated Mar. 22, 2019 (Doc. No. 50).) On March 27, 2019, Judge Bianco issued an order directing Henry to "update the Court as to the status of his representation of plaintiff by April 5, 2019." Henry immediately responded to that order by filing a letter which stated that had spoken to Becker and was "left with the impression

2

that … Becker intended for [him] … to remain as counsel." (Letter dated Apr. 5, 2019, (Doc. No. 51).)  Henry also reported that he "had been awaiting documentation that would support any future amendment Becker intended to put forth," (*id.*), but did not request an extension of the deadline for filing an amended complaint.

On April 22, 2019, the Court received another submission from Becker.  The Clerk of Court promptly returned this correspondence to Becker with a yet another form letter stating that, because he was represented by counsel, he could not file papers or communicate directly with the Court.  (Letter dated Apr. 22, 2019 (Doc. No. 52).)  At or about the same time, Judge Bianco issued another order directing Henry to "update the Court as to the status of his representation of plaintiff."  (Order dated Apr. 22, 2019.)

Henry timely responded to Judge Bianco's second order in a letter dated April 29, 2019. (Doc. No. 53.)  He reported that Becker wanted Henry to continue to represent him, but that Becker was "currently unable to provide or obtain relevant information that may address some of the limitations set forth in the litigation injunction and dismissal order."  (*Id.* at 2.)  Henry's letter did not request an extension of time in which to file the amended complaint.

Over the next month, the Court received several more letters from Becker but no further submissions from Henry, who continued to be the attorney of record.  On February 28, 2020, the undersigned – to whom this case had been reassigned – issued two orders (collectively, the "February 28 Orders"):  an order directing Henry to "update the Court as to the status of his representation of plaintiff," and an order to directing Becker to show cause in a writing filed by March 30, 2020, why the case should not be closed for failure to timely amend the complaint (the "OSC").

3

According to the docket sheet, the Court received two letters from Becker in March 2020, neither of which was responsive to the February 28 Orders. The Court never received any correspondence from Henry, even though the Court waited almost a month after the March 30 deadline expired. Finally, on April 27, 2020, the Court issued an order dismissing this action for failure to prosecute and entered judgment in favor of defendant Shulkin.

On May 4, 2020 – one week after judgment was entered – the Court received a letter from Becker dated April 29, 2020. In it, Becker represented that he had submitted a response via certified mail on March 24, 2020, after prior correspondence had been returned by the United States Postal Service. (Letter (Doc. No. 70) at 1.) Becker's letter did not attach a copy of that response, however. The letter also suggested that Becker had made some efforts to contact Henry, stating:

> Also the court failed to note that Atty Henry was not released by the court as per his ret[a]iner and that my peo [sic] efforts to comply was repeat[ed]ly returned by the court clerk of this court despite my poor efforts to note the above to him.

(*Id.*)

The Court responded to this letter by issuing an order dated May 7, 2020. That letter informed Becker that he could move for reconsideration under Federal Rule of Civil Procedure 59 or 60, but that any such motion had to "attach a copy of the response that his letter states was postmarked on March 24, 2020, a copy of the envelope that was allegedly returned, and an affidavit explaining why he failed to timely amend prior to March 24, 2020."

On June 23, 2020, the Court received a motion for reconsideration from Becker. (Doc. No. 71.) That submission consists of a two-page letter and various exhibits relating to Becker's efforts to respond to the OSC. These exhibits establish the following. On March 12, 2020, Becker paid an attorney, Paul L. Dashefsky, $500 to assist him in this matter, as evidenced by a

4

copy of Becker's check to Dashefsky, which bears the name and docket number of this case. (Doc. No. 17-1 at 3.) On that same date, Dashefsky wrote a one-page letter to Henry, which begins: "I represent Richard Becker, an individual who advises me that you represent him in a case pending in the United States District Court, Eastern District of New York, Becker v. Shulkin (17 cv 6481)." (Letter to Henry from Dashefsky dated Mar. 12, 2020 (Doc. No. 71 at 11).) After referencing the OSC, the letter states: "Becker met with me in order to help him respond to Chief Judge Mauskopf's Order," and poses two questions:

> 1. Are there any reasons that Becker failed to file an amended complaint in accordance with Judge Bianco's Order?
>
> 2. What justifications are available for an appropriate response to the Order to Show Cause?

(*Id.*) The letter requests that Henry "give this some Urgency in light of the fast approaching deadline." (*Id.*)

On March 12, 2012, Becker signed a document requesting a 60-day extension of the March 30 deadline to respond to the OSC. (Doc. No. 71 at 6.) In that document, Becker states:

> The reason for my request is that I am in the process of seeking new counsel to represent me in this case. Additionally, I am advised that for me to obtain new counsel, I must be able to explain to my prospective new counsel the reasons for my attorney's, Chauncey D. Henry's, failure to file an amended complaint in this action. My prospective new counsel is attempting to obtain from Mr. Henry an explanation as to the failure to file an amended complaint.

(*Id.*) Although this document does not reference Dashefsky, the Court notes that it is written in the same font as Dashefsky's letter, suggesting that it was drafted by the attorney.

On or about March 14, 2020, Becker wrote a letter to the Court, which appears to be a cover letter attaching the March 12 document. It begins:

> Atty Paul Dashensky [*sic*] was retained with enclosed $500 check and asked to submit the enclosed motion to the court for additional time so he can determine

5

> with Atty Henry and the court clerk what occurred with [sic] to amend since the court clerk blocked all my pro se submissions …. I was represented by atty Henry when he refused to reply ….

(Letter to Hon. Mauskopf from Becker dated Mar. 14, 2020 (Doc. No. 71-1 at 1).)

According to the Court's docket sheet, neither the March 14 letter nor the March 12 document was received by the Court. It appears that Becker originally attempted to mail something to the Court on March 16, 2020, by reusing the same envelope which the Clerk's Office used to mail Becker copies of the February 28 Orders. (Envelope (Doc. No. 71-1 at 9.) After that mailing was returned to him, Becker sent something to the Court by certified mail on March 24, 2020. (Certified Mail Receipt postmarked Mar. 24, 2020 (Doc. No. 71 at 14).) Becker subsequently received the Return Receipt, which indicates that the mailing was received on March 31, 2020. (Return Receipt (Doc. No. 71 at 14).) However, the Court's docket sheet contains no indication that anything was received from Becker or filed between March 31, 2020, and April 27, 2020, when the Court issued its order dismissing this action.

Based on the foregoing evidence, Becker alleges that Henry "never went forward on [h]is obgiation [sic] to me and is guilty of legal mal practice [sic] …." (Letter to U.S. Fed. Court EDNY from Becker dated May 28, 2020 (Doc. No. 71) at 3.) He renews the request for a 60-day extension of time in which to respond to the February 28 Orders. (*Id.*) He also requests that this Court transfer this case to Judge Brian Cogan, who has apparently issued an order which Becker perceives as favorable to him.

On October 26, 2020, the Court received a largely illegible handwritten letter from Becker. (Letter to Hon. Mauskopf from Becker dated Oct. 20, 2020 (Doc. No. 72).) The letter appears to state that Dashefsky has "offered to mediate a mutual settlement." (*Id.* at 1.) However, Becker has not moved to have Henry relieved as counsel, Henry has not moved to

6

withdraw from this case, and Dashefsky himself has not expressed a willingness to represent Becker in this case.

## DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons, including "any … reason that justifies relief." "The standard for granting … [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

In this case, reconsideration is appropriate because it is clear that Becker, who appears to have been abandoned by Henry, made submissions which, through no fault of his own, were never docketed. Specifically, it is clear that Becker sent a submission to the Court via certified mail on March 24, 2020, and that the mailing was received by the Court on March 31, 2020. Furthermore, it appears likely that the submission included a request for a 60-day extension of the March 30, 2020, deadline for responding to the OSC. It is unclear precisely why that request was never docketed, but the Court will take judicial notice of the fact that the the operations of the Clerk's Office were significantly disrupted in late March 2020 due to the Covid-19 pandemic.

In light of the foregoing, reconsideration is granted and Becker shall have 60 days from the date of this Memorandum and Order in which to respond to the OSC. Becker's request to have this matter reassigned to Judge Cogan is denied.

Before responding to the OSC, however, Becker and his attorneys must resolve the question of who will represent Becker in this matter. Henry still represents Becker as of today and, unless the Court relieves him as counsel, he will continue to represent him. If Becker wishes to have Dashefsky represent him and Dashefsky agrees to do so, Dashefsky shall file a motion to relieve Henry and a notice of appearance within 30 days of this Order.

In addition, Henry is directed to show cause in a writing filed within 30 days of the date of this Order why he should not be sanctioned for his complete disregard of this Court's February 28, 2020, order directing him to update the Court as to the status of his representation of plaintiff by March 6, 2020. Henry's failure to comply with this Order to Show Cause may result in the imposition of sanctions and/or reference to the Disciplinary Committee.

SO ORDERED.

Dated: Brooklyn, New York
   March 31, 2021

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge