UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RICHARD BECKER,

                Plaintiff,

     -against-

DAVID SHULKIN,

                Defendant.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
17-CV-6481 (RRM) (ARL)

ROSLYNN R. MAUSKOPF, United States District Judge.

In a Memorandum and Order and Order to Show Cause dated March 31, 2021 (the "Prior Order"), the Court granted plaintiff Richard Becker 60 days in which to respond to an order directing him to show cause why this action should not be dismissed for failure to timely amend the complaint.  In addition, the Court directed plaintiff's counsel to show cause within 30 days why he should not be sanctioned for his disregard of this Court's February 28, 2020, order directing him to update the Court as to the status of his representation of plaintiff by March 6, 2020.  Plaintiff and plaintiff's counsel have timely complied with the Prior Order but, for the reasons explained below, this action is nonetheless dismissed with prejudice.  Sanctions shall not issue against plaintiff's counsel.

    I.     Background

The procedural history of this case is set forth in the Prior Order (Doc. No. 73), familiarity with which is assumed.  Accordingly, the Court will only recap the history necessary to provide context for this Memorandum and Order.

In November 2017, Becker, a former employee of the U.S. Department of Veterans Affairs, commenced this employment discrimination action by filing a *pro se* complaint against defendant David Shulkin, then Secretary of Veterans Affairs.  (Doc. No. 1.)  In mid-July 2018,

plaintiff's attorney, Chauncey D. Henry, filed a notice of appearance on behalf of his firm, Henry Law Group.  (Doc. No. 33.)  Henry has never moved to withdraw from this action and, as a result, Henry Law Group remains plaintiff's counsel of record.

In mid-October 2018, defendant moved to dismiss this action on two grounds.  First, defendant noted that decades ago Judge Mishler enjoined Becker from bringing any further discrimination actions in this district unless his complaint was "accompanied by a[n] affidavit setting forth the evidence supporting his claim and identifying the names and addresses of every witness he intends to call" and the complaint was "approved by a judge in the district."  *Becker v. Dunkin' Donuts of Am., Inc.*, 665 F. Supp. 211, 216 (S.D.N.Y. 1987).  Plaintiff had not filed such an affidavit and Judge Bianco, who was then the district judge presiding over this case, had not approved the complaint.  Second, defendant argued that the complaint, which was barely legible, failed to state a claim.

Although plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Plaintiff's Opposition"), he did not contest either of defendant's arguments.  Rather, he requested leave to file an affidavit that complied with Judge Mishler's filing injunction and an amended complaint.  Plaintiff's Opposition attached copies of both a proposed affidavit and a proposed First Amended Complaint, but the latter contained largely conclusory allegations based on information and belief.  (Plaintiff's Opposition (Doc. No. 39), Exs. A & B.)

In an Order issued December 14, 2019 ("Judge Bianco's Order"), Judge Bianco granted defendant's motion to dismiss the original complaint for failure to state a claim.  (*See* Judge's Bianco's Order (Doc. No. 43).)  However, instead of dismissing the action with prejudice, as defendant had requested, he granted plaintiff "leave to file an amended complaint, as well as an accompanying affidavit and any supporting documentation to address the litigation injunction."

(*Id.*)  Judge Bianco's Order specified that documents were to be filed on or before March 15, 2019.  (*Id.*)

Over the next three months, the Court received at least four letters from Becker himself but no submissions from Henry.  The Clerk of Court returned the letters to Becker with a form stating that, because he was represented by counsel, Becker could not file papers or communicate directly with the Court.  (*See* Letters dated Dec. 19, 2018, (Doc. No. 44); Dec. 21, 2018, (Doc. No. 45); Mar. 4, 2019, (Doc. No. 47); and Mar. 5, 2019, (Doc. No. 48).)

In late March 2019, the Court received correspondence from Becker which stated, among other things, "Atty Henry told me that he is no longer my atty as of 14 Dec 2018."  (Letter dated Mar. 22, 2019 (Doc. No. 50).)  This prompted Judge Bianco to issue an order directing Henry to "update the Court as to the status of his representation of plaintiff by April 5, 2019."  (Order dated Mar. 27, 2019.)  Henry immediately responded to that order by filing a letter which stated that had spoken to Becker and was "left with the impression that … Becker intended for [him] … to remain as counsel."  (Letter dated Apr. 5, 2019, (Doc. No. 51).)  Mr. Henry also reported that he "had been awaiting documentation that would support any future amendment Becker intended to put forth," (*id.*), but did not request an extension of the deadline for filing an amended complaint.

On April 22, 2019, the Court received another submission from Becker, which was again promptly returned by the Clerk of Court.  (Letter dated Apr. 22, 2019 (Doc. No. 52).)  At or about the same time, Judge Bianco issued another order directing Henry to "update the Court as to the status of his representation of plaintiff."  (Order dated Apr. 22, 2019.)  Henry timely responded to this order, reporting that Becker wanted Henry to continue to represent him but that Becker was "currently unable to provide or obtain relevant information that may address some of

the limitations set forth in the litigation injunction and dismissal order." (Letter dated April 29, 2019 (Doc. No. 53) at 2.) Henry's letter did not request an extension of time in which to file the amended complaint.

On May 30, 2019, Becker's action was reassigned to this Court. Over the next eight months, the Court regularly received letters from Becker, some of which indicated that he was proceeding *pro se*, but no further submissions from Henry. Finally, on February 28, 2020, the Court issued two orders (collectively, the "February 28 Orders"): one directing Henry to "update the Court as to the status of his representation of plaintiff," and another directing plaintiff to show cause in a writing filed by March 30, 2020, why the case should not be closed for failure to timely amend the complaint (the "OSC").

According to the docket sheet, the Court received two letters from Becker in March 2020, neither of which was responsive to the February 28 Orders. The Court never received any correspondence from Henry, even though the Court waited almost a month after the March 30 deadline expired. Finally, on April 27, 2020, the Court issued an order dismissing this action for failure to prosecute and entered judgment in favor of defendant Shulkin.

Shortly thereafter, the Court received correspondence from Becker suggesting that he had made an effort to respond to the February 28 Orders and that his efforts to contact Henry about those orders had been unsuccessful. On June 23, 2020 – at the Court's suggestion – Becker moved for reconsideration. (Doc. No. 71.) Becker's submission attached, among other things, 1) a document dated March 12, 2020, requesting a 60-day extension of time in which to respond to the OSC, and 2) evidence that Becker had hired another attorney, Paul L. Dashefsky, to assist him in responding to the February 28 Orders.

II.      The Prior Order and the Responses thereto

Since Becker's request for a 60-day extension was never docketed and since his submission suggested that Henry may have abandoned Becker, the Court granted Becker's motion for reconsideration and gave him 60 days in which to respond to the OSC.  (Prior Order (Doc. No. 73) at 7.)  In addition, the Court directed Henry to show cause why he should not be sanctioned for his complete disregard of the February 28, 2020, order directing him to update the Court as to the status of his representation of plaintiff by March 6, 2020.  (*Id.* at 8.)  The Court noted that Henry still represented Becker and would continue to do so unless the Court relieved him as counsel.  (*Id.*)

Henry has timely filed two letters in response to the Prior Order.  The first explains that he drafted a response to the Court's February 28 Orders on March 6, 2020, but neglected to file it due to an "emergent personal matter" and the COVID-related closure of his office.  (Letter dated Apr. 2, 2021 (Doc. No. 74) at 1.)  In support of this explanation, Mr. Henry attaches a copy of the draft response, which advised the Court 1) that Judge Bianco's Order dismissed the action "[as] a practical matter" and 2) that Becker had "disengaged" his firm.  (Doc. No. 74-3.)  Henry also attaches evidence to support his claim that the response was in fact drafted on March 6, 2020.  In light of this evidence, the Court finds that Henry's failure to respond to the February 28 Orders was inadvertent and that no sanctions are warranted.

Henry's second letter largely elaborates on the first letter and explains, among other things, why Henry never filed a second proposed amended complaint or the affidavit required by Judge Bianco's Order.  Henry represents that Becker was "unable to overcome the litigation injunction" and, therefore, agreed to disengage Henry.  (Letter dated Apr. 30, 2021 (Doc. No. 76) at 2.)  In support of these representations, Henry attaches a copy of an undated disengagement

letter, acknowledged by Becker, (Doc. No. 76-1), and a letter dated March 3, 2019, in which

Becker 1) states that he forgot to mention the litigation injunction when he retained Henry and 2)

implies that he is unable to supply the affidavit required to overcome the litigation injunction,

(Doc. No. 76-2).

Becker himself has also filed two handwritten documents with the Court:  a three-page

document styled a "Motion to Amend and Motion for Summary Judgment," (Doc. No. 75), and a

one-page letter inquiring as to the status of the case, (Doc. No. 77).  Although these submissions

are not entirely legible, it is clear that neither 1) rebuts Henry's explanation as to why plaintiff

never complied with Judge Bianco's Order or 2) shows cause why this action should not be

dismissed.

**CONCLUSION**

In light of these responses to the Prior Order, this action is dismissed with prejudice.  The

Clerk of Court is respectfully directed to enter judgment in favor of defendant, to mail a copy of

the judgment and this Memorandum and Order to Becker, to note the mailing on the docket

sheet, and to close this case.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the

purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
     March 29, 2022

*Roslynn R. Mauskopf*
ROSLYNN R. MAUSKOPF
United States District Judge